# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>JACQUELINE M. ANTONIE,<br><br>Debtor. | Bankruptcy Case<br>No. 09-01569-JDP |
| JEREMY GUGINO<br>Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH R. JONES,<br><br>Defendant. | Adv. Proceeding<br>No. 11-6023 |

## MEMORANDUM OF DECISION

**Appearances**:

Jeremy Gugino, Boise, Idaho, Chapter 7 Trustee.

Brian Coffey, Boise, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

**Introduction**

When chapter 7[1] debtor Jacqueline Antonie ("Debtor") filed her bankruptcy petition, both she and her mother, Frances Bruckner ("Bruckner"), were listed as alternate owners on the certificate of title for a manufactured home (the "Home") in which Bruckner lives. During Debtor's bankruptcy case, Bruckner signed that title certificate over to Keith R. Jones ("Jones"), an unrelated acquaintance, for no consideration. Jones applied for and obtained a new title certificate from the State bearing his name as the only owner, though Bruckner remained in possession of the Home throughout.

The chapter 7 case trustee in Debtor's bankruptcy case, Jeremy Gugino ("Trustee"), filed this adversary proceeding against Jones for either turnover of possession and title to the Home pursuant to § 542(a), or avoidance of a § 549(a) unauthorized postpetition transfer of Debtor's ownership interest in the Home. Jones contests Trustee's claims, asserting

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 2

(1) Bruckner had the legal authority to transfer the Home to him, despite the pendency of Debtor's bankruptcy estate, simply because of her status as the alternate owner on the Home's title;[2] and (2) when Bruckner transferred title to him, all interests in the Home left Debtor's bankruptcy estate, and Trustee can not obtain a turnover order.

A trial in this adversary proceeding was held October 7, 2011, and the Court took the issues under advisement. Having considered the record and evidence, the parties' submissions, and applicable law, this Memorandum constitutes the Court's findings of fact and conclusions of law. Rules 7052, 9014.

## Facts[3]

Bruckner purchased the Home in 2006, and, shortly thereafter, applied for and obtained an Idaho certificate of title for the Home listing

---

[2] Idaho's motor vehicle titling statutes apply to manufactured homes. Idaho Code § 49-501(2)(b).

[3] Unless otherwise noted, these undisputed facts were taken from the Court's prior decision in *In re Antonie*, Bankr. No. 09-01569, Dkt. No. 59, and the parties' briefs.

MEMORANDUM OF DECISION - 3

"Frances W. Bruckner OR Jacqueline M. Antonie" as owners.

Debtor filed a chapter 7 bankruptcy case in June 2009. In August 2009, Trustee commenced an adversary proceeding against Bruckner seeking a declaratory judgment that Debtor held an ownership interest in the Home when she filed her petition, and, as a result, that the Home became property of Debtor's bankruptcy estate ("Debtor's Estate"). Adv. No. 09-6046, Dkt. No. 1. However, the trial in that adversary proceeding was stayed when Bruckner filed her own chapter 7 petition on January 6, 2010. *See* Bankr. No. 10-00022, Dkt. No. 1.

In response to Bruckner's bankruptcy filing, Trustee amended his adversary complaint, substituting the "Bankruptcy Estate of Frances W. Bruckner," (the "Bruckner Estate") as defendant instead of Bruckner. Adv. No. 09-6064, Dkt. No. 13. In the amended complaint, Trustee again sought a declaratory judgment that the Home was property of Debtor's Estate. *Id.* at 4. The chapter 7 trustee in Bruckner's case, Richard E. Crawforth, declined to answer the complaint, and Trustee moved for, and obtained, a default judgment against the Bruckner Estate on February 22, 2010. Adv.

MEMORANDUM OF DECISION - 4

No. 09-6064, Dkt. Nos. 17, 18.  The default judgment provides, in part:

    A.  That [the Home] . . . is property of Debtor's Estate.

    B.  That [Trustee] may use, sell, and otherwise administer the Home and retain all sale proceeds of the Home for the benefit of creditors of [Debtor's case].

    C.  That the [Bruckner Estate] may not use, sell or otherwise administer any part of the Home.

    D.  That the [Bruckner Estate] is not entitled to any proceeds from the sale of the Home.

    E.  That Trustee may exercise his rights as a judicial lien creditor as against the Home.

    F.  That [the trustee of the Bruckner Estate] shall cooperate with [Trustee] to allow him to take possession of the Home.

Adv. No. 09-6064, Dkt. No. 18.

Bruckner's bankruptcy case was closed on July 2, 2010.  Bankr. No. 10-00022, Dkt. No. 22.  By that time, Trustee had not sold the Home, and Bruckner remained in possession of the title certificate which bore her name an alternate owner.  Sometime thereafter, Bruckner assigned the Home's title to Jones, he took possession of the certificate, and applied for

MEMORANDUM OF DECISION - 5

a new title. The State issued a new title certificate, naming Jones as the Home's sole owner, on August 27, 2010. Exh. 102.

Upon learning that the State had issued a new title certificate in favor of Jones, Trustee filed this adversary proceeding, seeking to avoid the transfer of the Home's title by Bruckner to Jones pursuant to § 549(a); or, in the alternative, seeking an order that the Home and its title are property of Debtor's Estate, and that, pursuant to § 542(a), the Home should be turned over to Trustee and the Home's title should be turned over and endorsed to "Jeremy J. Gugino, Bankruptcy Trustee for Case No. 09-01569-JDP." Complaint at 4, Dkt. No. 1.

## Discussion

**I.   There was no post-petition transfer.**

Upon the filing of a bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the debtor's bankruptcy estate. § 541(a)(1). The determination of whether a debtor owns an interest in property upon a bankruptcy filing is made by resort to nonbankruptcy law. *Butner v.*

MEMORANDUM OF DECISION - 6

*United States*, 440 U.S. 48, 55 (1979); *California v. Farmers Mkts., Inc.* (*In re Farmers Mkts., Inc.*), 792 F.2d 1400, 1402 (9th Cir. 1986).

This Court has reviewed Idaho's motor vehicle titling statutes on several occasions. *See, e.g.*, *In re Woods*, 386 B.R. 758, 761–62 (Bankr. D. Idaho 2008); *Hopkins v. Brasseaux* (*In re Saunders*), 08.1 I.B.C.R. 16, 17 (Bankr. D. Idaho 2008); *Gugino v. Knezevich* (*In re Pegram*), 395 B.R. 692, 695–96 (Bankr. D. Idaho 2008). Under this case law, if a debtor is listed as a vehicle's owner on its Idaho certificate of title when she files for bankruptcy, her interest in the vehicle becomes property of her bankruptcy estate. *See In re Woods*, 386 B.R. at 761–62.

That result is the same where a debtor is listed as a vehicle's alternate owner on its Idaho certificate of title when she files for bankruptcy. *See In re Saunders*, 08.1 I.B.C.R. at 17. As alternate owners, each party on an "OR" motor vehicle title has the ability to unilaterally transfer complete ownership of the vehicle to another. *See* Idaho Code § 49-502; *Latham Motors, Inc. v. Phillips*, 851 P.2d 985, 991–92 (Idaho Ct. App. 1992); *see also* DUPLICATE IDAHO TITLE APPLICATION WITH OWNERSHIP

MEMORANDUM OF DECISION - 7

TRANSFER form at 2, *available at* http://itd.idaho.gov/dmv/vehicleservices/ documents/3369.pdf (last visited Nov. 15, 2011) ("If more than one owner of record is shown on the current title, any owner may sign if their names are connected by 'OR', but all must sign if their names are connected by 'AND'."). When one alternate owner of a vehicle files a bankruptcy petition,[4] the vehicle, and all associated interests of the debtor in the vehicle, enter her bankruptcy estate. *See, e.g.*, *In re Saunders*, 08.1 I.B.C.R. at 17.[5] The alternate owner listed on the vehicle title, at least during the

---

[4] Absent a bankruptcy, as between two alternate owners, the first to exercise the ability to unilaterally transfer a motor vehicle's title secures for herself the exclusive right to make such transfers. *See* Idaho Code §§ 49-502 to -503 (providing that, for a transferee to acquire title to a vehicle, an owner must assign the current certificate of title to the transferee, and the transferee must obtain a new certificate in his name); *Latham Motors, Inc.*, 851 P.2d at 991–92 (indicating that, where parties are alternate vehicle owners, either has authority to completely alienate the vehicle without the other party's consent). Jones asserts that Bruckner won the race to secure her ability to transfer the Home's title when she transferred title to Jones before Trustee administered the Home in Debtor's Estate. In making that assertion, however, Jones incorrectly assumes Bruckner still had the ability to transfer the Home's title during the pendency of Debtor's bankruptcy.

[5] While *In re Saunders*, 08.1 I.B.C.R. 16, analyzed whether a debtor's interest as an alternate vehicle owner entered her bankruptcy estate due to a case trustee's § 544(a)(1) strong arm powers, the result is the same for all alternate
(continued...)

MEMORANDUM OF DECISION - 8

debtor's bankruptcy, has no exercisable interests in the vehicle. *Id.* (providing that, as between two alternate owners, the estate of the debtor-alternate owner is given the right to possess and sell a vehicle).[6]

Debtor was one of the Home's alternate owners when she filed her bankruptcy case. Thus, the Home's ownership interests, including the ability to unilaterally transfer the Home, became property of Debtor's

---

[5](...continued)
vehicle owners. The vehicle is "part of [the d]ebtor's bankruptcy estate." *In re Saunders*, 08.1 I.B.C.R. at 17.

[6] This result is different from that in the situation where a debtor and another "co-own" property. There, the Code provides certain protections for the co-owner's interest in the property. *See, e.g.,* §§ 363(h)–(j) (providing that a trustee may only sell property in which the bankruptcy estate and a co-owner both have an interest if certain conditions are met, and that, if such property is sold, a co-owner has a right of first refusal and is entitled to his share of proceeds from the sale). The parties listed on an Idaho "OR" motor vehicle title, however, are not co-owners of the vehicle; they are "alternate" owners. *See Latham Motors, Inc.* 851 P.2d at 991–92. Per the dictionary, an "alternate" is "one that substitutes for or alternates with another." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 37 (11th ed. 2004). In other words, alternates in a specific capacity do not act in that capacity at the same time; while one alternate fulfills the given role, the other does not. Likewise, when one Idaho alternate vehicle owner exercises control over the limited interests and rights associated with her vehicle, the other alternate owner may not. *See In re Saunders*, 08.1 I.B.C.R. at 18 (indicating that, when one alternate vehicle owner files for bankruptcy, and her vehicle interests become property of her bankruptcy estate, the vehicle's other alternate owner must relinquish possession of the vehicle and loses her right to sell the vehicle).

MEMORANDUM OF DECISION - 9

bankruptcy estate. Once property enters a debtor's bankruptcy estate, the only party permitted to administer that property is the case trustee. § 323(a); *see Zavala v. Wells Fargo Bank, N.A.* (*In re Zavala*), 444 B.R. 181, 189 (Bankr. E.D. Cal. 2011). When Debtor's interests in the Home became property of her bankruptcy estate, only Trustee could exercise Debtor's right to transfer the Home to another. Because Debtor and Bruckner were alternate owners on the Home's title, Trustee's sole ability to administer the Home, including his sole ability to transfer the Home's title, means that, at least during the pendency of Debtor's bankruptcy case,[7] Bruckner had no ability to assign the title of the Home to Jones.

This should come as no surprise to Bruckner as the allocation of interests in the Home, as between Debtor's bankruptcy estate and Bruckner's bankruptcy estate, had been detailed in the default judgment issued in *Gugino v. Bankruptcy Estate of Frances W. Bruckner*. As relevant

---

[7] If Trustee does not administer the Home as part of Debtor's bankruptcy case, and if Bruckner's name remained on the Home's title certificate when Debtor's case closes, Bruckner would be free of the restrictions of the Code to transfer the Home to another at that time.

MEMORANDUM OF DECISION - 10

here, the default judgment provided that Trustee could sell the Home, and Bruckner's trustee could not.[8]

When Bruckner's bankruptcy case closed, Bruckner, at most, received only those interests that were property of her estate at that time. *See DeVore v. Marshack* (*In re DeVore*), 233 B.R. 193, 197 (9th Cir. BAP 1998) (interpreting § 554, and finding that a "technical abandonment" under § 554(c) only deems "scheduled *property of the estate* that is unadministered at the close of the case" as abandoned to the debtor. (emphasis added)). Because the Home was not property of Bruckner's estate when her bankruptcy case closed, she did not gain the ability to transfer the Home's title through that process. Bruckner did not have the ability to transfer the Home's title during the pendency of Debtor's bankruptcy case, and her attempted transfer to Jones in August 2010, had no legal effect and is void.

---

[8] Bruckner's bankruptcy estate included all of the property interests owned by Bruckner when she filed her own bankruptcy petition. *See* § 541(a)(1); *Holbrook v. Country Mut. Ins. Co.* (*In re Burnett*), 447 B.R. 634, 643 (Bankr. W.D. Okla. 2011) ("[T]he estate and, therefore, Trustee . . . cannot assert interests or rights greater than Debtor possessed on the petition date."). That Bruckner's trustee did not have the ability to sell the Home is consistent with the fact that Bruckner herself did not have that ability when she filed the bankruptcy case.

MEMORANDUM OF DECISION - 11

*See Lowe v. Sanflippo* (*In re Schmidt*), 362 B.R. 318, 321 (Bankr. W.D. Tex. 2007) (citing *Simpson v. Penner*, 36 F.3d 450, 452–53 (5th Cir. 1994) ("[O]ne cannot transfer what one does not have.").[9]

In sum, no post-petition transfer occurred under these facts, and the Court need not proceed with a § 549(a) post-petition transfer analysis.

## II. Trustee is entitled to turnover of the Home's title in this core proceeding.

While Trustee is not entitled to a judgment "avoiding" Bruckner's transfer of the Home's title to Jones, that transaction, as noted above, was nonetheless a legal nullity. However, Trustee's complaint also seeks a judgment "compelling [Jones] to transfer title in the Home to 'Jeremy J. Gugino, Bankruptcy Trustee for Case No. 09-01569-JDP'" and for turnover of "possession and title to the Home." Complaint at 4, Dkt. No. 1. Section § 542(a) provides that "an entity . . . in possession, custody, or control [of]

---

[9] While the State issued a new certificate of title to Jones on August 27, 2010, the Home was property of Debtor's bankruptcy estate, governed by the Code, at the time. Federal bankruptcy law prevails where state law conflicts with the system provided by the Code. *See Butner*, 440 U.S. at 54 n.9. Thus, the State's actions in issuing a new certificate of title do not trump the fact that Bruckner could not legally transfer title to Jones.

MEMORANDUM OF DECISION - 12

property [of the bankruptcy estate] shall deliver [it] to the trustee."

In resisting Trustee's claim for turnover of possession and title to the Home, Jones, for some reason, contends this action is not a "core proceeding."[10] Of course, he founds his assertion on the assumption that Debtor's bankruptcy estate no longer had an interest in the Home as of August 20, 2010, when he recorded the title he received from Bruckner with the State.[11] As a result, Jones' vague argument continues, Trustee cannot seek an "order[] to turn over property of the estate" under 28 U.S.C. § 157(b)(2)(E).

---

[10] Jones does not expound on what he believes will be gained by a finding that the issue is non-core. Presumably Jones believes that, if this were a non-core proceeding, the Court could not order surrender of the Home or title certificate to Trustee.

[11] Even if Jones' contention were otherwise correct, Debtor's interest in the Home would not have left her bankruptcy estate and transferred to Jones until August 27, 2010, when the new title was issued in Jones' name. *See In re Woods*, 368 B.R. at 762 (quoting *In re Saunders*, 08.1 I.B.C.R. at 17 ("[I]t is the issuance of a new certificate of title, not delivery of the old certificate to a transferee, that grants an enforceable interest in a vehicle.")); *Hopkins v. Shradley* (*In re Shradley*), 03.1 I.B.C.R. 7, 8 (Bankr. D. Idaho 2003) (indicating that Idaho Code § 49-503 "expresses a legislative policy that a motor vehicle may be owned by only one person at any one time—the person whose name appears on the official certificate issued by the State.").

MEMORANDUM OF DECISION - 13

As noted, Jones' conclusion that the Home was removed from Debtor's bankruptcy estate via the Bruckner assignment of the title is simply incorrect. Regardless, determinations by the bankruptcy court of the nature and extent of the property of a debtor's bankruptcy estate, and for turn over of that property to the trustee, are essential to the administration of the bankruptcy estate and are quintessentially core proceedings. 28 U.S.C. § 157(b)(2)(A), (E), and (O); *see also Johnston Envtl. Corp. v. Knight* (*In re Goodman*), 991 F.2d 613, 617 (9th Cir. 1993) (explaining that determining the nature and extent of a debtor's estate is a "fundamental function[] of the bankruptcy court"). To the extent the purpose of Jones' core/non-core argument is to challenge Trustee's authority to obtain a turnover order, or this Court's authority to grant that request, his contention is ill-conceived and lacks any merit.

Consistent with the provisions of the Code, the Court will order Jones to deliver the Home's title certificate to Trustee, endorsed as he has

MEMORANDUM OF DECISION - 14

requested.[12]  At the same time, the facts appear undisputed that Bruckner, not Jones, has actual possession of the Home.  Consequently, the Court can not order Jones to deliver possession of the Home to Trustee.

## Conclusion

Bruckner lacked any legal authority to transfer the Home's title to Jones because, as between the alternate owners, that ability became and remained property of Debtor's bankruptcy estate, exercisable solely by Trustee.  Therefore, Bruckner's attempted transfer of the Home's title had no legal effect, and there is no § 549(a) transfer subject to avoidance under these facts.  However, because the Home is property of Debtor's bankruptcy estate, and Jones lacks any legal rights in the Home, the Court will order Jones to surrender a properly-endorsed title certificate to Trustee pursuant to § 542(a).  Because Jones does not have physical possession of the Home, the Court declines to order him to deliver

---

[12] This will allow Trustee an opportunity to administer the Home as part of Debtor's bankruptcy estate, and will prevent any further attempts to assign that title to others.

possession of the Home to Trustee.[13]

A separate judgment will be entered.

Dated:  November 28, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[13] Bruckner is not a party to this action, and the Court can not order her to surrender the Home to Trustee, although, under § 542(a), she has a legal obligation to do so.  Trustee could have requested that relief in connection with the prior adversary proceeding.  Recall, he "substituted" Bruckner's case trustee as the defendant in that action (as opposed to simply adding the trustee as a party-defendant).  At this point, Trustee must presumably seek a turnover order from Bruckner anew.

MEMORANDUM OF DECISION - 16